Dear Mr. Wagoner:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask if your parish police jury must continue paying a justice of the peace although he is disqualified by the Louisiana Supreme Court from exercising any judicial function during the pendency of proceedings before the Judiciary Commission, Louisiana Supreme Court and/or other courts.
Supreme Court of Louisiana Rule XXIII sets out the rules for the Judiciary Commission. This commission investigates complaints about judges, magistrates, justices of the peace and mayors who perform judicial functions.
According to Rule XXIII, Section 2(e), discipline which may be imposed includes a number of actions, including suspension with or without salary. Section 27 of Rule XXIII deals with interim disqualifications, but does not discuss whether a judge (or justice of the peace) should continue to receive a salary during the time he is disqualified. In fact, only Section 27(g), which discusses interim disqualification by consent, states that the Supreme Court may enter an order "with or without pay, pending final disposition of judicial disciplinary proceedings." It does not give a definitive answer on whether the judge should continue to be paid or not since the justice of the peace from your parish was disqualified on an interim basis by the Supreme Court following a recommendation of the Judiciary Commission, and not by consent. Section 27(g) can only be used for guidance in your situation. We are not aware of any other rule which is more specific. Also, we are not aware that the Supreme Court has formally addressed this issue.
It appears that usually judges who are disqualified on an interim basis continue to receive a salary. Most recently, Judge Allan Green, who was later permanently removed from the bench, continued to be paid during the time his case was pending. According to employees of the Supreme Court and the Judiciary Commission, it has been the practice to continue to pay judges who are on interim disqualification. *Page 2 
Whether or not this is mandatory is an issue which has not been answered by the Louisiana Supreme Court and cannot be answered in this opinion. We suggest that since the justice of the peace was placed on interim disqualification by the Louisiana Supreme Court, your question should be answered by the Louisiana Supreme Court.
I trust this sufficiently answers your question, however, if you should need anything else from this office do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ___________________________
 FRANCES J. PITMAN
 Assistant Attorney General